**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **DORENZO SCHULER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CASE NO.** |
| | ) | |
| **SAKS FIFTH AVENUE, LLC,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I. <u>NATURE OF THE CASE</u>**

1.      Plaintiff, Dorenzo Schuler ("Schuler" or "Plaintiff"), by counsel, brings this action against Defendant, Saks Fifth Avenue, LLC ("Defendant"), for violating Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e *et. seq.,* the Americans with Disabilities Act ("ADA"), as amended, 42 U.S.C. §1201 *et. seq.,* the Tennessee Disability Act ("TDA"), and the Tennessee Human Rights Act ("THRA").

**II. <u>PARTIES</u>**

2.      Schuler is a resident of Maury County, Tennessee, within the geographical boundaries of the Middle District of Tennessee.

3      Defendant maintains offices and routinely conducts business within the geographical boundaries of the Middle District of Tennessee.

**III. <u>JURISDICTION AND VENUE</u>**

4.      This Court has jurisdiction over the subject matter of this litigation pursuant to 28 U.S.C. §1331, 28 U.S.C. §1343, 28 U.S.C. § 1367, 42 U.S.C. § 2000e-5(f)(3) and 42 U.S.C. §12117.

1

5. Defendant is an "employer" as that term is defined by 42 U.S.C. §2000e(b), 42 U.S.C. § 12111(5)(A), THRA, and TDA.

6. Schuler was an "employee," as that term is defined by 42 U.S.C. §2000e(f), 42 U.S.C. §12111(4), THRA, and TDA.

7. At all relevant times, Schuler suffered from a "disability," as that term is defined by 42 U.S.C. §12102(1)-(3).

8. Schuler is a "qualified individual with a disability" as defined by the Americans with Disabilities Act, 42 U.S.C. §12102(2) and 12111(8) and/or Defendant knew about Schuler's disability and/or regarded Schuler as being disabled and/or Schuler had a record of being disabled.

9. Schuler satisfied his obligation to exhaust his administrative remedies by timely filing a Charge of Discrimination (Charge No. 494-2023-04176 and Charge No. 474-2024-01325) with the U.S. Equal Employment Opportunity Commission ("EEOC") against the Defendant alleging discrimination based on his race, sexual orientation, and disability status, and retaliation for engaging in a protected activity. Hudgins received the required Notice of his Right to Sue for his first Charge on April 22, 2024, and May 16, 2024, for his second charge, and timely files this action.

10. A substantial part of the events, transactions, and occurrences relevant to this lawsuit arose within the geographical environs of the Middle District of Tennessee; thus, the venue is proper in this Court.

### IV. FACTUAL ALLEGATIONS

11. Schuler is a Black, Gay individual.

12. On or around May 26, 2022, Schuler began working for Defendant as an Asset Protection Associate.

13. At all relevant times, Schuler met or exceeded Defendant's legitimate performance expectations.

14. In or around 2020, Schuler was diagnosed with high blood pressure. Later, in or around July 2023, Schuler was diagnosed with stress and anxiety. These conditions substantially limit Schuler in or more major life activities, including but not limited to standing for long periods of time, walking long distances, fatigue, and heavy lifting. Defendant was aware of Schuler's disability and/or regarded him as a disabled individual and/or had a record of Schuler being disabled.

15. In or around February 2023, Schuler learned that Kyle Lowe ("Lowe"), a Caucasian, non-queer employee for Defendant, went on his social media account and became aware of Schuler's sexual orientation.

16. Days later, Lowe inquired with Schuler's second shift employees as to how things were going. Schuler provided his own feedback, and following this, Schuler was subjected to disparate treatment from those outside of his protected classes.

17. On or around March 21, 2023, Schuler made a complaint of disparate treatment due to his race and sexual orientation to Jamison Mitchell ("Mitchell"), a non-queer senior manager for Defendant. This complaint was known to the Defendant. Defendant failed/refused to take any remedial action.

18. Shortly after Schuler's protected activity, Lowe began micromanaging his work, made comments about his performance, refused to allow Schuler time off, and tasked him with

3

projects that required extensive time to complete. Similarly situated employees, outside of Schuler's protected class were not subjected to the same treatment or given the same tasks.

19.     In or around March 2023, Schuler filed a complaint to Selina Capic ("Capic"), human resources employee for Defendant. In this complaint, Schuler documented Lowe's conduct and how he was being held to a different standard. This complaint was known to Defendant. Defendant failed/refused to take any remedial action.

20.     On or around April 14, 2023, Schuler escalated his complaint to Jasmyn Burke ("Burke"), human resources employee for Defendant. Burke told Schuler that he should not be in fear of retaliation, but Defendant failed/refused to take any remedial action.

21.     From March through May 2023, Schuler continued raising concerns over Lowe's behavior to Burke through multiple 1:1 meetings, phone calls, and emails. Specifically, in one conversation, he noted that employees of the 1st shift were being told by Lowe that Schuler would be quitting soon. Defendant failed/refused to take any remedial action.

22.     On or around May 10, 2023, Schuler began experiencing chest pains and went to the emergency room to seek treatment. Schuler returned to work later that week and informed Lowe, Mitchell, Capic, and Burke by providing his doctor's note.

23.     Throughout the month of May 2023, Schuler continued to seek treatment for his disability. Specifically, on or around May 25, 2023, following a visit to his primary provider, Schuler was placed on light-duty work due to his disability. Defendant failed/refused to accommodate Schuler and consistently asked him to work outside of his restrictions.

24.      On or around July 14, 2023, Schuler sought further treatment as his mental, emotional, and physical health deteriorated. At this time, Schuler was diagnosed with anxiety

and stress. Schuler was prescribed medication to treat his disability. Schuler made the Defendant aware by filling out the Defendant's ADA paperwork.

25. In or around Late July/Early August 2023, Defendant's second shift was short-staffed, forcing Schuler to work with Lowe for the majority of his shifts. Throughout these shifts, Lowe would become aggressive and would bully Schuler by letting Schuler know that it was just him and Schuler alone in this part of the building.

26. From August to October 2023, Lowe continued to escalate his harassment and intimidation to a point where Schuler was in fear of physical harm. Lowe's behavior and conduct continued to be unchecked by the Defendant despite numerous complaints made by Schuler to Burke and Capic.

27. On or around September 22, 2023, Schuler filed his first Charge of Discrimination with the Equal Employment Opportunity Commission, alleging discrimination based on his race, disability, and sexual orientation and retaliation for engaging in a protected activity.

28. On or around October 10, 2023, Lowe approached Schuler while he was seated, working, and began hitting the back of Schuler's chair with his bag.

29. On or around October 11, 2023, Schuler reported what had transpired to Burke. Burker assured Schuler she would investigate. Defendant failed/refused to take any remedial action.

30. On or around October 17, 2023, Defendant terminated Schuler's employment. Defendant's stated reason for terminating Schuler's employment is pretext for retaliation and discrimination. Similarly-situated individuals outside of Schuler's protected classes have been treated more favorably.

## V. <u>CAUSES OF ACTION</u>

<u>**COUNT I: TITLE VII & THRA- RACE DISCRIMINATION**</u>

31.     Schuler hereby incorporates paragraphs one (1) through thirty (30) of his Complaint as if the same were set forth at length herein.

32.     Schuler is a Black individual.

33.     Schuler was subjected to a hostile work environment and disparate standards and treatment by Defendant due to his race.

34.     The hostile work environment Schuler suffered unreasonably interfered with his ability to perform his job duties and responsibilities. The harassment was objectively intimidating, hostile, and/or offensive.

35.     Defendant violated Schuler's rights to be free from a hostile work environment as protected by Title VII by subjecting and/or allowing Schuler to be subjected to repeated acts of intimidation and harassment that created a hostile work environment and by refusing to take action when Schuler put Defendant on notice. Further, Defendant terminated Schuler's employment because of his race.

36.     Defendant's actions were intentional, reckless, and/or taken with reckless disregard for Plaintiff's rights as protected by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*., and the Tennessee Human Rights Act.

37.     Schuler has suffered damages as a result of Defendant's unlawful actions.

<u>**COUNT II: TITLE VII & THRA- SEXUAL ORIENTATION DISCRIMINATION**</u>

38.     Schuler hereby incorporates paragraphs one (1) through thirty-seven (37) of his Complaint as if the same were set forth at length herein.

39.     Schuler is a Gay individual.

6

40. Schuler was subjected to a hostile work environment and disparate standards and treatment by Defendant due to his sexual orientation.

41. The hostile work environment Schuler suffered unreasonably interfered with his ability to perform his job duties and responsibilities. The harassment was objectively intimidating, hostile, and/or offensive.

42. Defendant violated Schuler's rights to be free from a hostile work environment as protected by Title VII by subjecting and/or allowing Schuler to be subjected to repeated acts of intimidation and harassment that created a hostile work environment and by refusing to take action when Schuler put Defendant on notice. Further, Defendant terminated Schuler's employment due to his sexual orientation.

43. Defendant's actions were intentional, reckless, and/or taken with reckless disregard for Plaintiff's rights as protected by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*., and the Tennessee Human Rights Act.

44. Schuler has suffered damages as a result of Defendant's unlawful actions.

## COUNT III: TITLE VII & THRA- RETALIATION

45. Schuler hereby incorporates paragraphs one (1) through forty-four (44) of his Complaint as if the same were set forth at length herein.

46. Schuler engaged in protected activity by filing complaints of disparate treatment and a hostile work environment to the Defendant and its representatives, and by filing a Charge of Discrimination with the Equal Employment Opportunity Commission.

47. Defendant knew of Schuler's engagement in protected activity and/or have a written record of such activity.

7

48.     Defendant retaliated against Schuler for engaging in protected activity by terminating his employment.

49.     Defendant's actions were intentional, reckless, and/or taken with reckless disregard for Plaintiff's rights as protected by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*., and the Tennessee Human Rights Act.

50.     Schuler has suffered damages as a result of Defendant's unlawful actions.

### COUNT IV: ADA & TDA- DISABILITY DISCRIMINATION

51.     Schuler hereby incorporates paragraphs one (1) through fifty (50) of his Complaint as if the same were set forth at length herein.

52.     Schuler is a "qualified individual" with a disability, as that term is defined by the ADA.

53.     Defendant violated Schuler's rights as protected by the Americans with Disabilities Act of 1990 ("ADA") 42 U.S.C. §12101 *et. seq.*, & the TDA by discriminating against him because of his actual or perceived disability. Defendant subjected him to disparate treatment because of his disability, failed to provide reasonable accommodations, and terminated Schuler's employment because of his disability in violation of the ADA & TDA.

54.     Defendant's actions were intentional, reckless, and/or taken with reckless disregard for Plaintiff's rights as protected by the Americans with Disabilities Act of 1990 ("ADA") 42 U.S.C. §12101 *et. seq.*, and the Tennessee Disability Act.

### COUNT V: ADA & TDA- DISABILITY RETALIATION

55.     Schuler hereby incorporates paragraphs one (1) through fifty-four (54)) of his Complaint as if the same were set forth at length herein.

56.     Schuler is an individual with a real or perceived disability as understood by the ADA, 42 U.S.C. § 12101 *et seq.*

57.     Schuler engaged in protected activity by filing complaints of disparate treatment and a hostile work environment to the Defendant and its representatives, and by filing a Charge of Discrimination with the Equal Employment Opportunity Commission.

58.     Defendant knew of Schuler's engagement in protected activity and/or have a written record of such activity.

59.     Defendant retaliated against Schuler for engaging in protected activity by terminating his employment.

59.     Defendant's actions were intentional, reckless, and/or taken with reckless disregard for Plaintiff's rights as protected by the Americans with Disabilities Act of 1990 ("ADA") 42 U.S.C. §12101 *et. seq.*, and the Tennessee Disability Act.

60.     Schuler has suffered damages as a result of Defendant's unlawful actions.

## VI. <u>REQUESTED RELIEF</u>

WHEREFORE, Plaintiff, Dorenzo Schuler, respectfully requests that this court enter judgment in her favor and award her the following relief:

1.     Permanently enjoin Defendant from engaging in discriminatory policies and practices based on an individual's race, sexual orientation, disability, and/or subjecting anyone to a hostile work environment;

2.     Award Plaintiff all wages, benefits, compensation, and other monetary loss suffered as a result of Defendant's unlawful actions;

3.     Award Plaintiff compensation for any and all other damages suffered as a consequence of Defendant's unlawful actions;

9

4. Award Plaintiff compensatory damages for Defendant's violations of Title VII, ADA, THRA, and TDA;

5. Award Plaintiff punitive damages for Defendant's violations of Title VII, ADA, THRA, and TDA;

6. Award Plaintiff all costs and attorney's fees incurred as a result of bringing this action;

7. Award Plaintiff pre-and post-judgment interest on all sums recoverable; and

8. Award Plaintiff all other legal and/or equitable relief this Court sees fit to grant.


Respectfully submitted,

BIESECKER DUTKANYCH & MACER, LLC

By: */s/Kyle F. Biesecker*
Kyle F. Biesecker
3200 West End Avenue, Suite 500
Nashville, Tennessee 37203
Telephone Number: (615) 783.2171
Email Address: kfb@bdlegal.com

*Counsel for Plaintiff, Dorenzo Schuler*

10

## DEMAND FOR JURY TRIAL

Plaintiff, Dorenzo Schuler, by counsel, requests a trial by jury on all issues deemed so triable.

Respectfully submitted,

BIESECKER DUTKANYCH & MACER, LLC

By: */s/Kyle F. Biesecker*
Kyle F. Biesecker
3200 West End Avenue, Suite 500
Nashville, Tennessee 37203
Telephone Number:   (615) 783.2171
Email Address:        kfb@bdlegal.com

*Counsel for Plaintiff, Dorenzo Schuler*

11